{¶ 55} I respectfully dissent from the majority finding that no ambiguity exists in the "Limits of Liability" section of the policy. I would affirm the decision of the trial court and hold that State Farm failed to clearly and unambiguously consolidate all wrongful death claims into a single limit or claim.
 {¶ 56} The majority correctly states that where insurance contract terms are reasonably susceptible to more than one interpretation, an insurance contract will be construed strictly against the insurer and liberally in favor of the insured. King, supra.
 {¶ 57} It is unfortunate that it is the appellate court, and not the drafters of the language in the insurance contract, that must apply "ordinary rules of grammar to provisions at issue" in the case. The required analysis between the definition of the terms "insured," "persons," "bodily injury," and "to one person" only points to how this contract is ambiguous. The majority analysis is only one of several reasonable interpretations of these terms.
 {¶ 58} The inherent meaning of "each person" cannot reasonably be separated from the term "insured." The majority is correct that the contract language references "bodily injury to one person," but this language does not preclude coverage for "each person" insured under that contract. Rather, a reasonable interpretation is that "each person" insured has coverage up to the "each person" limits that arise from "bodily injury to one person." This interpretation is consistent with the fact that the policy contains no language requiring consolidation of claims brought by insureds under an each-person limit.
 {¶ 59} If this interpretation contradicts the language in paragraph "3" of the "Limits of Liability" that provides that the limits of liability are not increased because more than one person is insured at the time of the accident, as suggested by the majority, then clearly there is ambiguity. Furthermore, the "each accident" provision sets the coverage limit for "insureds" at $100,000.
 {¶ 60} I would therefore affirm the decision of the trial court finding that State Farm failed to clearly and unambiguously consolidate all wrongful death claims into a single limit or claim.
 {¶ 61} I would also affirm the trial court decision that Gallo is an underinsured motorist, and after the setoff of Gallo's liability insurer's limits of $50,000 to damages arising from the accident, the entry of summary judgment for the plaintiffs in the amount of $50,000 was proper.
 {¶ 62} Further, I would follow the analysis of Wallace v. Balint
(2002), 94 Ohio St.3d 182, and allow each insured to recover under at least one of the policies issued by State Farm.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.